UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GWENDA TILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. **5:11-cv-00310** |
| | ) |
| COLLECTION TECHNOLOGY INC. | ) |
| | ) |
| Defendant. | ) |

### VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

GWENDA TILLER, ("Plaintiff"), through the undersigned counsel, Dave Lilley, alleges the following against COLLECTION TECHNOLOGY, INC. ("Defendant"):

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Gwenda Tiller an individual consumer, against Defendant Collection Technology Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Texas Debt Collection Practices Act, § 392 *et seq.* (hereinafter "TDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here.

## PARTIES

3.     Plaintiff, Gwenda Tiller is a natural person with a permanent residence 570 Country Road 6753, Divine, Medina County, Texas 78016.

4.     Upon Information and belief the Defendant, Collection Technology Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 1200 Corporate Ctr. Dr., Suite 325, Monterey Park, Los Angeles County, California 91754. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5.     Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempt to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.     Upon information and belief, Defendant began placing collection calls to Plaintiff in or before August, 2010.

7.     Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, did not send the proper documentation to Plaintiff within two (2) weeks of the initial communication.

8.     Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "Well if you don't set something up right now with us, then we are going to garnish your paychecks."

9.     Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "You need to get it now, or

we're going to start garnishing your paychecks. If you don't do something with us today it is out of your control."

10. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to contact the Plaintiff in connection to the alleged debt by placing phone calls to her before 8:00am and after 9:00pm, Plaintiff's local time.

11. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, did attempt to contact Plaintiff by calling Plaintiff's place of employment after being informed that Plaintiff's employer prohibits such calls.

12. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, yelled at and demeaned the Plaintiff.

13. Upon Information and belief, Defendant has not garnished the Plaintiff's wages.

## CLAIM FOR RELIEF

14. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

> (a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with the Plaintiff before 8 o'clock antemeridian and after 9 o'clock postmeridian, local time at the Plaintiff's location; and
>
> (b) Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with the Plaintiff at the Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication; and
>
> (c) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(d) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

(e) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of the wages of the Plaintiff when the Defendant or alleged creditor does not intend to take such action; and

(f) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and the Defendant cannot legally take; and

(g) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(h) Defendant violated *§1692g(a)(1)* of the FDCPA by failing to send written communication that is received by the Plaintiff within five days of the initial communication, with said communication includes the amount of the alleged debt that the Defendant is attempting to collect; and

(i) Defendant violated *§1692g(a)(2)* of the FDCPA by failing to send written communication that is received by the Plaintiff within five days of the initial communication, and said communication includes the name of the creditor to whom the alleged debt is owed that the Defendant is attempting to collect; and

(j) Defendant violated *§1692g(a)(3)* of the FDCPA by failing to send written communication that is received by the Plaintiff within five days of the initial communication, and said communication includes a statement that unless the Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendant; and

(k) Defendant violated *§1692g(a)(4)* of the FDCPA by failing to send written communication that is received by the Plaintiff within five days of the initial communication, and said communication includes a statement that if the Plaintiff notifies the Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendant will obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to the Plaintiff by the Defendant; and

(l) Defendant violated *§1692g(a)(5)* of the FDCPA by failing to send written communication that is received by the Plaintiff within five days of the initial communication, and said communication includes a statement that, upon the Plaintiff's written request within the thirty-day period, the Defendant will

provide the Plaintiff with the name and address of the original creditor, if different from the current creditor.

16. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Gwenda Tiller for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## CLAIM FOR RELIEF

18. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

19. Defendant violated TDCPA § 392. Defendant's violations of TDCPA § 392 include, but are not limited to the following:

   a) Defendant violated TDCPA § 392.302(4) by calling Plaintiff's telephone to ring at work repeatedly or continuously, or making repeated or continuous telephone calls to work, with the intent to harass a person at the called number.

   b) Defendant violated TDCPA § 392.302(1) by using profane or obscene language or language intended to abuse unreasonably Plaintiff, who was the hearer or reader; and

20. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21. As a result of the above violations of the TDCPA § 392, Defendant is liable to Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant, Collection Technology Inc., for the following:

A.  Declaratory judgment that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for Defendant's violations of TDCPA § 392;

B.  Actual damages;

C.  Statutory damages pursuant to 15 U.S.C. § 1692k;

D.  Statutory damages pursuant to TDCPA § 392;

E.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and TDCPA § 392;

F.  For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff GWENDA TILLER demands trial by jury in this action.

This 15th day of April, 2011

ALEX SIMANOVSKY & ASSOCIATES, LLC

/s/ Dave Lilley
Dave Lilley, Esq.
TX Bar No. 24035064
Attorney for Plaintiff

Alex Simanovsky & Associates, LLC
1912 Loop 11
Wichita Falls, TX 76306
Phone: 1-866-865-3666, Ext. 1056
Fax: 877-570-5413

Corporate Office Address:
2300 Henderson Mill Road, Suite 300
Atlanta, GA 30345
Phone: (770) 414-1002, Ext. 1012
Fax: (770) 414-9891